**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **R.H.**

**No. 23-483** (Ohio County CC-35-2022-JA-85)

## MEMORANDUM DECISION

Petitioner Mother K.R.[1] appeals the Circuit Court of Ohio County's June 23, 2023, order terminating her parental rights to the child, R.H., upon her voluntary relinquishment, arguing that the circuit court erred by denying her motion for an extension of an improvement period and that her voluntarily relinquishment was under duress.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In July 2022, the DHS filed an abuse and neglect petition alleging that the petitioner exposed the child to inappropriate individuals, including her boyfriend, a registered sex offender who "was in jail for raping a child." The petitioner admitted knowing that the boyfriend was a sex offender, but claimed she did not expose the child to him; however, the petition alleged that when the child saw a photo of the boyfriend during an interview with a Child Protective Services ("CPS") worker, she described him as "my best friend" and described playing with him and his dog. The petition further alleged that the petitioner had a significant history of substance abuse and criminal involvement. Specifically, the petitioner used illicit substances while pregnant with the child and was briefly incarcerated on drug-related charges in 2016. The petitioner relapsed in 2020, and the CPS worker expressed concerns that her substance abuse was ongoing based on a referral that the petitioner and the boyfriend "use meth."

---

[1] The petitioner appears by counsel John M. Jurco. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Joseph J. Moses appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

The petitioner stipulated to the allegations in the petition at an adjudicatory hearing held in August 2022. The circuit court, therefore, adjudicated the petitioner as an abusing and neglecting parent, finding the child to be abused and neglected. The petitioner then filed a written motion for a post-adjudicatory improvement period, which the court granted by an agreed order. Importantly, the petitioner's agreed improvement period terms included that the petitioner would participate in drug screening and abstain from illicit substances; refrain from associating with or exposing the child to inappropriate individuals, specifically "people who are registered sex offenders" which explicitly included the petitioner's boyfriend; and participate in DHS services, among other things.

The circuit court held several status hearings throughout the petitioner's improvement period, during which evidence was presented that the petitioner had screened positive for fentanyl on at least two occasions and that the boyfriend was at the petitioner's home when the child was present for a visit. Based on the foregoing, the court ordered that visits cease; however, there was no objection to phone or supervised visits. The petitioner's improvement period ended in March 2023, and she filed a written motion for an extension that same month.

At the hearing on the petitioner's motion for an extension of her improvement period held in May 2023, the petitioner admitted that she relapsed on fentanyl during her improvement period and that she had tested positive for methamphetamine about twelve times since March 2023. The petitioner asserted that she was no longer associating with her boyfriend, who was recently incarcerated; however, on cross-examination the petitioner admitted to contacting the boyfriend while he was incarcerated and saying she loved him. The petitioner further admitted that during her improvement period, the boyfriend would stay the night at her home several nights a week and there were times he was present when the child was visiting. Based on the petitioner's "disconcerting" testimony, the court denied her motion for an extension of her improvement period, stating that it "cannot find [the petitioner] substantially complied . . . [a]ctually, to the contrary," as she "willfully failed" to "stay away from improper people and maintain sobriety."

The circuit court took a recess, and when the hearing resumed, counsel for the petitioner advised that the petitioner wished to voluntarily relinquish her parental rights and submitted a written and signed relinquishment. The court then engaged in a colloquy with the petitioner under oath and determined that the petitioner "understands the consequences of entering into the relinquishment and has done so by her own free will." The court accepted the petitioner's voluntary relinquishment, specifically finding that it was done so knowingly and voluntarily. Therefore, finding it to be in the child's best interests, the court terminated the petitioner's parental rights.[3] It is from this final order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred by denying her motion for an extension of her improvement period; however, upon our review, we find no error. Pursuant to West Virginia Code § 49-4-610(6), such an extension is appropriate if "the court finds that the respondent has substantially complied with the

_____

[3] The permanency plan is for the child to remain in the care of the nonabusing father.

terms of the improvement period." Here, the court correctly denied the petitioner's motion because she had not substantially complied with the agreed upon terms. The evidence shows that she tested positive for illicit substances more than a dozen times throughout the proceedings and not only continued to engage with the boyfriend, who was specifically named as someone with whom she was to avoid contact, but exposed the child to him during visits. While the petitioner initially testified that she ceased communicating with this individual, cross-examination revealed the opposite, demonstrating her consistent dishonesty. Because of the overwhelming evidence of the petitioner's noncompliance with her improvement period terms, we cannot find error in the court's denial of an extension.[4]

The petitioner further argues that the circuit court erred in terminating her parental rights because she was under duress when she voluntarily relinquished her parental rights. In support of this argument, the petitioner relies on the court's alleged improper denial of an extension of her improvement period, asserting that had it been granted, she would not have relinquished her parental rights. We find the petitioner's argument without merit. First, as stated herein, there was no error in the court's determination that an extension was not warranted. Second, there is no evidence of duress in the record, particularly considering that "the threshold for establishing duress and fraud in the context of the relinquishment of parental rights is extremely high" and "mere 'duress of circumstance' does not constitute duress." *See In re H.M.*, No. 22-0178, 2023 WL 3071340, at *2 (Apr. 25, 2023) (memorandum decision) (quoting *In re Cesar L.*, 221 W. Va. 249, 261, 654 S.E.2d 373, 385 (2007)). The petitioner's argument that the court's denial of her motion caused duress is essentially "duress of circumstances" and is not sufficient to constitute duress. The termination of the petitioner's parental rights was proper in accordance with West Virginia Code § 49-4-607, as the circuit court found that the petitioner's relinquishment was made knowingly and voluntarily after specifically questioning the petitioner under oath in this regard. *See In re Cesar L.*, 221 W. Va. at 251, 654 S.E.2d at 375 ("[West Virginia Code § 49-4-607] permits a parent to voluntarily relinquish his/her parental rights. Such voluntary relinquishment is valid pursuant to [West Virginia Code § 49-4-607] if the relinquishment is made by 'a duly acknowledged writing' and is 'entered into under circumstances free from duress and fraud.'").

Accordingly, we find no error in the decision of the circuit court, and its June 23, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: August 7, 2024

---

[4] As an alternative assignment of error, the petitioner argues that she had ineffective assistance of counsel during the proceedings below. However, as we have repeatedly stated, "this Court has never recognized a claim of ineffective assistance of counsel in the context of abuse and neglect proceedings, and we decline to do so here." *In re C.R.*, No. 22-0189, 2022 WL 3961921, at *6 (W. Va. Aug. 31, 2022) (memorandum decision).

3

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Hutchison, Justice, dissenting:

I dissent and would have set this case for oral argument to address a constitutional error alleged in this appeal: the right of a parent to effective counsel when their parental rights are being terminated in an abuse and neglect proceeding.

In past cases, this Court has avoided exploring whether or not a parent has such a right. For instance, in *In re C.W.*, the Court said it had "never recognized a claim of ineffective assistance of counsel in an abuse and neglect proceeding," but then went on, out of an abundance of caution, to find that the parent "under the limited circumstances of this case" had failed to establish ineffective assistance. *In re C.W.*, No. 17-0614, 2018 WL 1040378, at *3 (W. Va. Feb. 23, 2018) (memorandum decision). *See also In re H.C.*, No. 12-0471, 2012 WL 4838995, at *3 (W. Va. Sept. 24, 2012) (memorandum decision); *In re M.Z.-1*, No. 15-0818, 2016 WL 1456024, at *4 (W. Va. Apr. 12, 2016) (memorandum decision); *In re C.R.*, No. 22-0189, 2022 WL 396121, at *6 (W. Va. Aug. 31, 2022) (memorandum decision). The majority says pretty much the same thing in footnote 4.

The right to choose whether to be a parent and choose how to safely raise one's child is a fundamental personal liberty interest that is constitutionally protected. This Court expressed that principle half a century ago when we ruled:

> In the law concerning custody of minor children, no rule is more firmly established than that the right of a natural parent to the custody of his or her infant child is paramount to that of any other person; it is a fundamental personal liberty protected and guaranteed by the Due Process Clauses of the West Virginia and United States Constitutions.

Syl. pt. 1, *In re Willis*, 157 W. Va. 225, 207 S.E.2d 129 (1973). This principle, that parenting is a fundamental liberty interest, is also recognized by the United States Supreme Court, which said that the

> rights to conceive and to raise one's children have been deemed 'essential,' 'basic civil rights of man,' and '(r)ights far more precious . . . than property rights.' It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder. The integrity of the family unit has found

4

protection in the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Ninth Amendment.

*Stanley v. Illinois*, 405 U.S. 645, 651 (1972) (cleaned up).

"[The] complete and irrevocable termination of parental rights is one of the most serious and severe steps a court can take." *In re Bowman*, 666 A.2d 274, 280 (Pa. 1995). An order terminating a parent's right to his or her child is "widely regarded as the civil law equivalent to the death penalty, forever obliterating the fundamental legal relationships between parent and child." *In re Adoption of C.M.*, 255 A.3d 343, 362 (Pa. 2021). Hence, when an abuse and neglect proceeding "may result in the termination of parental rights to the custody of natural children, indigent parents are entitled to the assistance of counsel because of the requirements of the Due Process clauses of the West Virginia and United States Constitutions." Syl. pt. 1, *State ex rel. Lemaster v. Oakley*, 157 W. Va. 590, 203 S.E.2d 140 (1974). *See also Lassiter v. Dep't of Soc. Servs. of Durham Cnty.*, N. C., 452 U.S. 18 (1981) (recognizing a right to counsel in parental termination proceedings when required by due process).

My brief review of the law indicates that a majority of state courts have gone one step further and found not only a right to counsel in parental termination proceedings, but also the right to the effective assistance of counsel. Without the concomitant right to effective and competent assistance, the right to counsel is illusory. *See* Fern L. Kletter, *Claims of Ineffective Counsel at Termination of Parental Rights Proceedings—Prehearing and Procedural Issues*, 30 A.L.R.7th Art. 1 (2017); Fern L. Kletter, *Claims of Ineffective Counsel at Termination of Parental Rights Proceedings—Hearing and Post-Hearing Issues*, 30 A.L.R.7th Art. 2 (2017); Fern L. Kletter, *Right to Effective Counsel at Termination of Parental Rights Proceeding and Standards of Review of Claim*, 23 A.L.R.7th Art. 3 (2017). These A.L.R. articles each explain that some courts hold that the right to effective counsel in parental termination proceedings is founded on due process and equal protection. Some courts base it on broad interpretations of statutes, while others find the right exists with no citation to a statute or constitutional provision. The author of the A.L.R articles identified by name only three states which found that "a parent in a termination of parental rights proceeding had no right to the effective assistance of counsel": Nebraska, Nevada, and West Virginia. *See* 23 A.L.R.7th Art. 3 at § 13.

Having reviewed the parties' briefs and the questions regarding the effectiveness of the petitioner's counsel, I believe a formal opinion by this Court was warranted—not a memorandum decision. I further believe that practitioners in the field of abuse and neglect law should, in the future, persist in raising questions regarding the effectiveness of counsel in termination proceedings. In some fashion, this Court should recognize that the right to counsel is illusory when the result of an abuse and neglect proceeding is altered by objectively unprofessional representation. Accordingly, I respectfully dissent.